Peter W. Billings, A0330
Gary E. Jubber, A1758
Douglas J. Payne, A4113
David N. Kelley, A9137
FABIAN & CLENDENIN,
  A Professional Corporation
Twelfth Floor
215 South State Street
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900

Attorneys for the Official Committee of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC., DICK SIMON TRUCKING, INC., and SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Nos. 02-22906<br>02-22907<br>02-24874<br><br>(Chapter 11)<br><br>[SUBSTANTIVELY CONSOLIDATED]<br><br>Honorable Glen E. Clark |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD D. SIMON, JR.,<br><br>Defendant. | COMPLAINT TO AVOID FRAUDULENT TRANSFERS<br><br>Adversary No. _____ |

The Official Committee of Unsecured Creditors (the "Committee") as the duly appointed

and qualified representative of the consolidated bankruptcy estate of Simon Transportation

302645_1

Services, Inc., Dick Simon Trucking, Inc., and Simon Terminal, LLC, (the "Consolidated Estate") hereby complains of Richard D. Simon, Jr. (hereafter referred to as "Defendant") as follows:

## PARTIES

1. The Committee was appointed in the Dick Simon Trucking, Inc. bankruptcy case (Case No. 02-22907). Pursuant to the Second Amended Joint Plan of Liquidation confirmed by *Order Confirming Joint Plan of Liquidation,* dated March 11, 2003, the Committee was appointed as the representative of the Consolidated Estate pursuant to 11 U.S.C. § 1123(b)(3)(A) and (B).

2. On information and belief, Defendant is an individual who resides in Salt Lake City, Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and parties to this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A), (H) and (O), 11 U.S.C. §§ 544(b), 548 and 550, F.R. Bankr. P. 7001 and DU Civ. R. 83-7.1(a).

4. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (H) and (O).

5. Venue is proper in this court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

6. On February 25, 2002 (the "Petition Date"), Simon Transportation Services Inc. ("STS") and Dick Simon Trucking, Inc. ("DST") filed separate voluntary Petitions for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Utah ("Bankruptcy Court"), Case Nos. 02-22906 GEC and 02-22907 GEC, respectively. Simon Terminal, LLC ("Simon Terminal") subsequently filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on March 26, 2002, Case No. 02-24874 GEC. The bankruptcy cases of STS, DST, and Simon Terminal (collectively referred to hereafter as the "Debtors") were jointly administered.

7. On March 11, 2003, the Bankruptcy Court executed its *Order Confirming Joint Plan of Liquidation*, pursuant to which all property of the Debtors' estates, including all Debtors' rights under Chapter 5 of the Bankruptcy Code, were vested in the Consolidated Estate under the exclusive control of the Committee.

8. The Committee was vested with all rights of a Chapter 11 trustee, including the right to avoid transfers and obligations pursuant to 11 U.S.C. §§ 544, 547, 548 & 550.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))

9. The Committee incorporates and realleges the allegations of paragraphs 1 through 8 of this Complaint.

10. On information and belief, the Debtors entered into a contract with Defendant under which the Debtor agreed to pay Defendant for not to compete with the Debtor (the "Agreement").

302645_1

3

11. The Debtors made certain transfers to the Defendant (collectively referred to herein after as the "Transfers") prior to the bankruptcy. (A summary of the Transfers from the Debtors to Defendant is attached hereto as Exhibit "A").

12. Several of the Transfers were made on or within one year before the Petition Date.

13. On information and belief, the Transfers were made on account of the Debtors' obligations under the Agreement.

14. On information and belief, the Debtors did not receive reasonably equivalent value in exchange for the Transfers.

15. The Debtors were insolvent at the time the Transfers were made.

16. The Transfers constituted transfers of an interest of the Debtors in property to Defendant.

17. The Committee is entitled to judgment against Defendant avoiding the Transfers made within one year of the Petition Date as fraudulent transfers pursuant to 11 U.S.C. § 548(a).

18. The Committee is entitled to recover from Defendant prejudgment interest on the amount of the Recent Transfers from the date of the filing of this adversary proceeding.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6)

19. The Committee incorporates and realleges the allegations of paragraphs 1 through 18 of this Complaint.

20. On information and belief, the Debtors were insolvent at the time they made the Transfers.

21. On information and belief, there existed at the time of the Transfers a creditor whose allowable unsecured claim arose before the Transfers were made. The books and records

302645_1

4

of the Debtors reflect no less than thirty-five (35) creditors of the Debtor as of the Petition Date whose claims arose prior to the date of the earliest Transfer.

22. The Transfers constituted transfers of the interest of the Debtors in property to Defendant.

23. The Committee is entitled to judgment against Defendant avoiding the Transfers pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6.

24. The Committee is entitled to recover from Defendant prejudgment interest on the amount of the Transfers from the date of the filing of this adversary proceeding.

### THIRD CLAIM FOR RELIEF
**(Fraudulent Transfer - 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b))**

25. The Committee incorporates and realleges the allegations of paragraphs 1 through 24 of this Complaint.

26. On information and belief, the Debtors were engaged or were about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction at the time the Debtors made the Transfers.

27. In the alternative, on information and belief, the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due at the time the Debtors made the Transfers.

28. There exists a creditor holding an allowable unsecured claim whose claim arose either before or after the Transfers.

29. The Committee is entitled to judgment against Defendant avoiding the Transfers pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b).

30. The Committee is entitled to recover from Defendant prejudgment interest on the amount of the Transfers from the date of the filing of this adversary proceeding.

## FOURTH CLAIM FOR RELIEF
### (Transferee Liability - 11 U.S.C. § 550(a))

31. The Committee incorporates and realleges the allegations of paragraphs 1 through 30 of this Complaint.

32. Defendant was the initial transferee of the foregoing Transfers.

33. The Committee is entitled to recover from Defendant the transferred property or the value of the transferred property pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Committee prays for the following relief:

A. For entry of an order and judgment avoiding the Transfers to Defendant as fraudulent transfers pursuant to 11 U.S.C. § 548(a);

B. For entry of an order and judgment avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6;

C. For entry of an order and judgment avoiding the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b);

D. For entry of an order and judgment providing that pursuant to 11 U.S.C. § 550(a), the Committee is entitled to recover from Defendant, for the benefit of the estate, the amount of the Transfers avoided and is entitled to judgment against Defendant in said amount;

E. For prejudgment and post-judgment interest as provided by law; and

F. For such other and further relief as the Court deems just and equitable.

302645_1

6

DATED this _____ day of February 2004.

                          /s/ David N. Kelley
Peter W. Billings
Gary E. Jubber
Douglas J. Payne
David N. Kelley
FABIAN & CLENDENIN,
  a Professional Corporation
Attorneys for the Official Committee of Unsecured Creditors

# EXHIBIT "A"

302645_1

SIMON TRANSPORTATION SERVICES, INC.
DICK SIMON TRUCKNG, INC.

| Name/Address | Payment Date | Check # | Payment Amount |
|---|---|---|---|
| RICHARD D SIMON JR<br>3570 South 700 East<br>Salt Lake City, Utah  84106 | 10/17/2000 | 249975 | $3,000.00 |
| | 10/23/2000 | 250502 | $3,000.00 |
| | 10/31/2000 | 251005 | $2,625.82 |
| | 11/07/2000 | 251561 | $3,000.00 |
| | 11/14/2000 | 252021 | $3,000.00 |
| | 11/21/2000 | 252477 | $3,000.00 |
| | 11/28/2000 | 253002 | $3,000.00 |
| | 12/05/2000 | 253474 | $2,625.82 |
| | 12/12/2000 | 254124 | $3,000.00 |
| | 12/19/2000 | 254232 | $3,000.00 |
| | 12/26/2000 | 254502 | $2,625.82 |
| | 01/02/2001 | 254679 | $3,000.00 |
| | 01/09/2001 | 255441 | $3,000.00 |
| | 01/15/2001 | 255931 | $3,000.00 |
| | 01/22/2001 | 256741 | $3,000.00 |
| | 01/29/2001 | 257152 | $3,000.00 |
| | 02/05/2001 | 257663 | $2,625.82 |
| | 02/12/2001 | 258348 | $3,000.00 |
| | 02/20/2001 | 258721 | $3,000.00 |
| | 02/26/2001 | 259276 | $3,000.00 |
| | 03/05/2001 | 259737 | $3,000.00 |
| | 03/06/2001 | 259920 | $3,000.00 |
| | 03/19/2001 | 260930 | $3,000.00 |
| | 03/26/2001 | 261345 | $3,000.00 |

SIMON TRANSPORTATION SERVICES, INC.

DICK SIMON TRUCKING, INC.

| Name/Address | Payment Date | Check # | Payment Amount |
|---|---|---|---|
| RICHARD D SIMON JR<br>3570 South 700 East<br>Salt Lake City, Utah 84106 | 04/02/2001 | 261603 | $3,000.00 |
| | 04/10/2001 | 262449 | $3,000.00 |
| | 04/16/2001 | 262958 | $3,000.00 |
| | 04/23/2001 | 263288 | $3,000.00 |
| | 05/01/2001 | 263977 | $3,000.00 |
| | 05/08/2001 | 264590 | $3,000.00 |
| | 05/15/2001 | 265077 | $3,000.00 |
| | 05/22/2001 | 265840 | $3,000.00 |
| | 05/29/2001 | 266299 | $3,000.00 |
| | 06/04/2001 | 266727 | $3,000.00 |
| | 06/11/2001 | 266951 | $3,000.00 |
| | 06/18/2001 | 267799 | $3,000.00 |
| | 06/25/2001 | 268578 | $3,000.00 |
| | 07/02/2001 | 269031 | $3,000.00 |
| | 07/09/2001 | 269217 | $3,000.00 |
| | 07/16/2001 | 269852 | $3,000.00 |
| | 07/23/2001 | 270459 | $3,000.00 |
| | 07/30/2001 | 271329 | $3,000.00 |
| | 08/07/2001 | 271665 | $3,000.00 |
| | 08/14/2001 | 272263 | $3,000.00 |
| | 08/21/2001 | 272506 | $3,000.00 |
| | 08/28/2001 | 273561 | $3,000.00 |
| | 09/04/2001 | 273887 | $3,000.00 |
| | 09/11/2001 | 274272 | $3,000.00 |
| | 09/18/2001 | 274785 | $3,000.00 |

SIMON TRANSPORTATION SERVICES, INC.

DICK SIMON TRUCKING, INC.

| Name/Address | Payment Date | Check # | Payment Amount |
|---|---|---|---|
| RICHARD D SIMON JR<br>3570 South 700 East<br>Salt Lake City, Utah 84106 | 09/25/2001 | 275158 | $3,000.00 |
| | 10/02/2001 | 276162 | $3,000.00 |
| | 10/09/2001 | 276571 | $3,000.00 |
| TOTAL PAID | | | $154,503.28 |